UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RICHARD SCOTT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MARK SELING AND THE SPECIAL COMMITMENT CENTER<br><br>　　　　　Defendants. | Case No.  C03-5398RBL<br><br>REPORT AND RECOMMENDATION REGARDING INJUNCTIVE RELIEF<br><br>**NOTED FOR**<br>**September 8th, 2005** |

　　This 42 U.S.C. § 1983 Civil Rights action has been re-referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4 following the Ninth Circuit vacating the order of dismissal and remanding the case.  Before the court is plaintiff's motion for a temporary restraining order.  (Dkt. # 169).  The sum total of the motion is a one page document in which plaintiff states "They took, without warrant my legal computer to stop this case.  I want it back by court order."  (Dkt. # 169).

　　Defendants have responded to the motion and shown the reason plaintiff's computer was taken and why he was placed in isolation.  (Dkt. # 174).  Plaintiff was publishing a news letter in which he allegedly printed inflammatory and negative information about another resident and a cartoon picture which could be viewed as racist.  (Dkt. # 174, page 2 and attachment A).  The court notes the attachment does not match its description and is difficult to read or see.  Officials who are not named defendants in this action isolated

REPORT AND RECOMMENDATION
Page - 1

plaintiff for his personal safety and security of the institution. A subsequent search for cause of plaintiff's computer revealed unauthorized programs and information on Mr. Scott's computer. (Dkt. # 174 attachments).

## DISCUSSION

Plaintiff did not raise any issues regarding the taking of his computer in the complaint. In fact, this case was remanded so plaintiff had the opportunity to amend his complaint. The defendants in this action are Mark Seling and the Special Commitment Center. The court should not intentionally or unwittingly predetermine a claim plaintiff may have against a non-party by considering plaintiff's requested motion. The court does not have the proper party before it to address this issue and should decline to address the issue.

On the merits, plaintiff's request fairs no better. The basic function of injunctive relief is to preserve the status quo ante litem pending a determination of the action on the merits. Los Angeles Memorial Coliseum Com'n v. National Football League, 634 F.2d 1197, 1200 (9th Cir. 1980). A party seeking injunctive relief must fulfill one of two standards, the "traditional" or the "alternative." Cassim v. Bowen, 824 F.2d 791, 795 (9th Cir. 1987).

> Under the traditional standard, a court may issue preliminary relief if it finds that (1) the moving party will suffer irreparable injury if the relief is denied; (2) the moving party will probably prevail on the merits; (3) the balance of potential harm favors the moving party; and (4) the public interest favors granting relief. . . . Under the alternative standard, the moving party may meet its burden by demonstrating either (1) a combination of probable success and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in its favor.

Id. (citations omitted).

Plaintiff fails to show the taking of his computer and his placement in isolation are not for legitimate reasons. He has also failed to show any irreparable injury. Thus, he can fulfill neither test and his motion should be **DENIED.**

## CONCLUSION

The Court should **DENY** the motion for a temporary restraining order. A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to

1  set the matter for consideration on **September 8th, 2005**, as noted in the caption.

2

3

       DATED this 3rd day of August, 2005.

4

5

6

                                           Karen L. Strombom

7                                            United States Magistrate Judge