UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RICHARD SCOTT,<br><br>    Plaintiff,<br><br>    v.<br><br>MARK SELING AND THE SPECIAL COMMITMENT CENTER,<br><br>    Defendants. | Case No. C03-5398RBL<br><br>ORDER |

This Civil Rights action has been re-referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B). Plaintiff has been granted *in forma pauperis* status. (Dkt. #5). This action was remanded from the Ninth Circuit after dismissal for failure to state a claim. The remand indicates it was error to dismiss the action without giving plaintiff an opportunity to amend his complaint.

On July 27th, 2005 the case was re-referred to this United States Magistrate Judge. (Dkt. # 184). At the time of re-referral 9 motions are pending. Those motions are:

1. Plaintiff's motion for appointment of counsel. (Dkt. # 168).

2. Plaintiff's motion for a temporary restraining order. (Dkt. # 169).

3. Defendant's motion for entry of a case management order. (Dkt. # 172)

ORDER - 1

| | | |
|---|---|---|
| 4. | Plaintiff's "emergency motion" for appointment of counsel. (Dkt. # 173). |
| 5. | Plaintiff's motion to amend the complaint to add defendants. (Dkt. # 177). |
| 6. | Plaintiff's motion for clarification regarding the mandate from the Ninth Circuit. (Dkt. # 179). |
| 7. | Plaintiff's motion to consolidate cases. (Dkt. # 180). |
| 8. | Plaintiff's motion to compel response to motions. (Dkt. # 181). |
| 9. | Plaintiff's request for copies. (Dkt. # 183). |

1. <u>Appointment of counsel</u>. (Dkt. # 168).

Plaintiff in his motion for counsel states he is without a computer and has no law library. (Dkt. # 168). He fails to meet or address the standard for appointment of counsel. There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. Although the court, under 28 U.S.C. § 1915(d), can request counsel to represent a party proceeding *in forma pauperis*, the court may do so only in exceptional circumstances. <u>Wilborn v. Escalderon</u>, 789 F.2d 1328, 1331 (9th Cir. 1986); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1236 (9th Cir. 1984); <u>Aldabe v. Aldabe</u>, 616 F.2d 1089 (9th Cir. 1980). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. <u>Wilborn</u>, 789 F.2d at 1331.

This case was remanded because plaintiff was not given leave to file an amended complaint prior to dismissal for failure to state a claim. Plaintiff has not attempted to show a likelihood of success on the merits and has not yet submitted his amended complaint. The motion is **DENIED.**

2. <u>TRO</u>. (Dkt. # 169).

Plaintiff's motion for a temporary restraining order will be dealt with by separate Report and Recommendation.

3. <u>Case Management Order</u>. (Dkt. # 172).

On December 8th, 2004 the District Court Judges in Tacoma entered a case management order in an attempt to curb Mr. Scott's abusive litigation practices. <u>See</u>, <u>Scott v. Diaz</u>, C04-5598RBL docket entry 24. Paragraph 13 of that order directs the Magistrate Judge to whom any

ORDER - 2

Scott case is assigned to enter a copy of the order in the case. Now that this action has been re-referred to a Magistrate Judge entry of that order is appropriate. Defendants motion is **GRANTED. The clerk of court is directed to enter a copy of the case management order in this action**.

Further, a standing sanction order was entered on April 5th, 2005 in all Scott cases. That order was the result of further abusive litigation practices by Mr. Scott. That order states:

> ORDER:
> (1) The court adopts the Report and Recommendation.
> (2) In all future cases, the plaintiff shall submit a signed affidavit, along with the proposed complaint, verifying under penalty of perjury that none of the issues raised in the proposed complaint have been litigated in the past by the plaintiff.
> (3) An application for in forma pauperis status, the affidavit required in Item 1 above, and the proposed complaint shall be forwarded to the chief judge of the district by the clerks office for review. The chief judge shall determine whether the action should be allowed to proceed. Plaintiff must provide full and complete disclosure of all financial information in support of any in forma pauperis application.
> (4) Plaintiff may not engage in discovery without leave of court. To obtain leave of court he must submit written discovery to the court for prior approval.
> (5) Plaintiff may not issue any subpoenas or summons without prior approval of the court. To obtain prior approval, the plaintiff must show the subpoena or summons is proper. This will be done by submitting his affidavit which clearly discloses the nature of the information he is seeking and sets forth the name and address of the person to whom the subpoena or summons is directed.
> (6) Plaintiff is prohibited from filing any duplicative or repetitive motion in an action. The filing of such motions will result in monetary sanctions or dismissal of the action.
> (7) Plaintiff shall not file a motion for reconsideration without making a specific showing that the motion meets the criteria set forth in the local rules for filing such a motion.
> (8) All settlement agreements with the plaintiff which include a monetary payment shall require payment of the funds into the registry of the court until such time as plaintiff has paid all outstanding debts for prior grants of in forma pauperis status.
> (9) The case management order previously entered against the plaintiff shall remain in full effect.

That order now applies to this action except of course for paragraph three as this case has progressed beyond that point. Plaintiff is informed that violations of the court order may result in sanctions.

4. <u>"Emergency" motion for appointment of counsel</u>. (Dkt. # 173).

This motion is redundant of docket entry 168 and a violation of the standing order regarding

ORDER - 3

Mr. Scotts litigation. The motion is **DENIED** for the reasons set forth above. Further, in this motion plaintiff indicates the Ninth Circuit found merit to this action. Contrary to plaintiff's assertion, the Ninth Circuit did not reach the merits of this action but found it improper to have dismissed the action without giving the plaintiff leave to amend his complaint.

The court would be remiss if the court did not warn plaintiff that redundant motions may result in sanctions. Sanctions will not be entered at this time.

5.   <u>Plaintiff's motion to add defendants and amend the complaint</u>. (Dkt. # 177).

This case was remanded to give plaintiff this opportunity. The motion is **GRANTED.** Plaintiff has thirty days to file an amended complaint. The new complaint will act as a complete substitute for any previously filed complaint. If the new complaint names a defendant who has not been served the plaintiff will submit filled out copies of the United States Marshals Service form. Further, the new complaint must conform to the sanctions orders in place and the Federal Rules of Civil Procedure. Failure to file an amended complaint on or before **September 15th, 2005** will result in a Report and Recommendation that this action be dismissed.

6.   <u>Motion for clarification</u>. (Dkt. # 179).

The court is not sure what if any action plaintiff is requesting. If the motion is asking for legal advice as to what the Ninth Circuits remand means the court is not able to give a litigant advice. The court can state that this action was remanded because plaintiff was not given leave to amend his complaint prior to the action being dismissed for failure to state a claim. No further court action on this motion appears appropriate.

7.   <u>Motion to consolidate</u>. (Dkt. # 180).

Plaintiff asks to consolidate this action with 10 other cases that he does not identify. He also asks that this motion be considered as a request for class certification in the alternative. Consolidation is not appropriate. The residents are in different areas of the facility, Mr. Scott is currently in isolation. Thus the residents are physically separated for treatment and security reasons. Consolidation would be impractical and counterproductive to judicial economy. The requirement that each pleading submitted by the plaintiff's be signed by each plaintiff would make litigation

ORDER - 4

impossible. Waiver of the requirement would mean that one plaintiff was acting as counsel for the group which is also unacceptable. The pleading submitted by plaintiff does not comply with Fed. R. Civ. P. 23 or Local Rule 23 and will not be considered as a request for class action. Plaintiff's motion is **DENIED**.

8. <u>Motion to compel responses</u>. (Dkt. # 181).

Plaintiff seeks to reinstate all motions that were pending at the time this action was dismissed and to compel defendants to respond to those motions. The motion is **DENIED.** Plaintiff may re-file motions he believes appropriate if the motions comply with the sanctions under which he must now litigate as a result of his past misconduct. Further, to this court's knowledge, there is no discovery pending in this action. Plaintiff may not conduct discovery without leave of court.

The sanctions imposed on plaintiff relieve defendants of there normal obligation to response to plaintiff's filings. Defendants will not respond to any further motions without the court directing a response.

9. <u>Motion for copies</u>.

Plaintiff complains he has not received a copy of the Ninth Circuit Order in this action and does not have a copy of the docket sheet. The clerk of court is directed to send Mr. Scott a copy of the docket sheet in this case. The opinion vacating and remanding this action is found at 127 Fed. Appx. 323, a courtesy copy of that order will be sent along with this order to plaintiff and defendants counsel.

The Clerk is directed to send copies of this Order to Plaintiff and counsel for defendants, to note the **September 8th, 2005** due date for an amended complaint and to send a courtesy copy of the Ninth Circuit opinion to plaintiff.

DATED this 5th day of August, 2005.

Karen L. Strombom
United States Magistrate Judge

ORDER - 5