UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD SCOTT,

    Plaintiff,

v.

MARK SELING AND THE SPECIAL COMMITMENT CENTER,

    Defendants.

Case No. C03-5398RBL

ORDER

This Civil Rights action has been re-referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B). Plaintiff has been granted *in forma pauperis* status. (Dkt. #5). This action was remanded from the Ninth Circuit after dismissal for failure to state a claim. The remand indicates it was error to dismiss the action without giving plaintiff an opportunity to amend his complaint.

The case was remanded on May 2nd, 2005. (Dkt. # 167). Between June 9th, 2005 and July 27th, 2005 Mr. Scott filed seven motions. These motions include:

1. Motion for appointment of counsel. (Dkt. # 168).
2. Motion for a Temporary Restraining Order. (Dkt. # 169).
3. Emergency motion for appointment of counsel. (Dkt. # 173).
4. Motion to amend the complaint. (Dkt. # 177).
5. Motion for clarification of the mandate. (Dkt. # 180).
6. Motion to consolidate cases. (Dkt. # 180).
7. Motion to compel responses. (Dkt. # 181).

Mr. Scott also filed a request for copies which the court considered as a motion. On July 27th, 2005 this case was re-referred to this court. (Dkt. # 184). Within seven days of the re-referral the court

ORDER - 1

dealt with Mr. Scott's motion for a temporary restraining order and within nine days the court entered an order dealing with the remaining outstanding motions and entering a case management order. (Dkt. # 185 and 186).

Mr. Scott now litigates under close judicial control as a result of his past litigation abuses. These abuses include the filing of repetitive motions and discovery abuses. Some of the controls placed on Mr. Scott are found in the case management order entered in this case. (Dkt. # 187). Paragraph 13 of that order directs any Magistrate Judge to whom a Scott case is assigned to enter a copy of the order in the case when it is assigned to a Magistrate Judge. (Dkt. # 187, ¶ 13). This case was assigned to a Magistrate Judge on July 27th, 2005 and the order was entered within nine days on August 5th, 2005.

In response to the Report and Recommendation entered on August 3rd, 2005 Mr. Scott has filed two pleadings. (Dkt. # 188 and 190). This violates the spirit of paragraph 12 of the case management order. Mr. Scott will follow local rule 7(b). The rule allows for one responsive pleading, not piecemeal filings. Any further improper filings will result in sanctions which may include monetary sanctions or dismissal of this action.

In Mr. Scotts second response he "appeals" the Report and Recommendation to Judge Leighton. (Dkt. # 190). A Report and Recommendation is not an order. The proper pleading to file to place the matter before the District Court Judge is an Objection to the Report and Recommendation. In Mr. Scott's pleading he complains that it took two months for the Magistrate Judge to enter a Report and Recommendation on his request for a temporary restraining order. Mr. Scott is in error. It took seven days from the time the case was assigned. <u>See</u>: Dkt. # 184, (assigning case July 27th, 2005).

Turning to the most recent filings, Mr. Scott has filed a "clarification" in which he indicates he is proceeding on his former complaint that was dismissed. (Dkt. # 189). Eight days later Mr. Scott filed a proposed amended complaint. (Dkt. # 192). Mr. Scott has also filed a motion for leave to conduct discovery. (Dkt. # 191).

The pleading titled "clarification of case", docket entry 189, contradicts the dismissal order.

ORDER - 2

Mr. Scott may not proceed on his previously filed complaint and must file a new complaint that complies with the Federal Rules of Civil Procedures and the sanction imposed on him for past litigation violations. Docket entry 189 will remain in the file but will not be addressed further by the court.

The proposed amended complaint violates Federal Rule of Civil Procedure 8 (a) and the sanctions imposed on Mr. Scott.  The proposed complaint is 19 pages long, attempts to raise issues on behalf of plaintiff and "others similarly situated."  The complaint also attempts to re-litigate several issues and claims that have been dismissed as a sanction for Mr. Scott's prior behavior.  See, Dismissals Scott v. Diaz, CV 04- 5598RBL: Scott v. Lehman, CV 04-5521FDB: Scott v. Denny, CV 04-5574RBL.

This court will not accept the proposed amended complaint.  To do so ignores the previously entered sanctions and dismissal orders.  Mr. Scott will have until **October 7th, 2005** to file a proposed amended complaint that does not raise any issue previously dismissed as a sanction for his conduct.  In accord with the courts order Mr. Scott will submit a signed affidavit verifying under penalty of perjury that none of the issues raised in the proposed complaint have been litigated and lost or previously dismissed as a sanction.

There will be no discovery until a proper compliant has been accepted by the court.  Plaintiff may then submit proposed written questions for the court to consider.  There will be no depositions at this time.

Mr. Scott must recognize that he now litigates under close judicial scrutiny.  This is the result of his past abusive practices.  The doors to the courthouse remain open for the consideration of his claims, but the court will not allow his litigation to be vexatious or harassing.

The Clerk is directed to send copies of this Order to Plaintiff and counsel for defendants, to note the **October 7th, 2005** due date for an amended complaint.

DATED this 19th day of September, 2005.

Karen L. Strombom
United States Magistrate Judge

ORDER - 3