UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD SCOTT,

    Plaintiff,

v.

MARK SELING AND THE SPECIAL COMMITMENT CENTER,

    Defendants.

Case No. C03-5398RBL

ORDER

    This Civil Rights action has been re-referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B).  Plaintiff has been granted *in forma pauperis* status.  (Dkt. #5).  This action was remanded from the Ninth Circuit after dismissal for failure to state a claim.  The remand indicates it was error to dismiss the action without giving plaintiff an opportunity to amend his complaint.

    The plaintiff, Richard Roy Scott, now litigates under special restrictions as a result of past abusive litigation practices.  Some of these restrictions are found in the Case Management Order entered in this case. (Dkt. # 187).  The remainder of the restrictions are found in the order dismissing many of Mr. Scott's actions as a sanction.  (Scott v. Denny, 04-CV-5574RBL Dkt. # 76).

ORDER - 1

Currently pending before the court are:

1. Plaintiff's motion for declaratory relief. (Dkt. # 194).
2. Plaintiff's motion for a protective order. (Dkt. # 195).
3. Plaintiff's motion for declaratory relief regarding trailer visits. (Dkt. # 196).
4. Plaintiff's motion for declaratory relief. (Dkt. # 197).
5. A letter from plaintiff alleging "overt bias". (Dkt. # 198).
6. Plaintiff's motion to stay the action pending service. (Dkt. # 199).
7. A praecipe asking for 17 summons. (Dkt. # 202).
8. Defendants' motion to dismiss. (Dkt. # 200).

Summons will not be issued to Mr. Scott by the clerks office. Mr. Scott is proceeding *in forma pauperis.* Once a proper amended complaint is before the court and the court has obtained service documents from Mr. Scott the court will order the United States Marshals Service to attempt service by mail. Plaintiff's request for summons, docket number 202, is **DENIED.**

This court has ordered plaintiff to file a proper amended complaint on or before October 7th, 2005. (Dkt. # 204). Plaintiff's proposed amended complaint (Dkt. # 192) violates Fed. R Civ. P. 8 as the 81 page document is not a clear or concise pleading. Further the complaint seeks to re-litigate issues dismissed as a sanction for Mr. Scott's past practices. Those issues were dismissed with prejudice and may not be raised again. The only defendant before the court at this time is Mark Seling in both his official and individual capacity. Until a proper complaint is before the court motions for declaratory relief are premature and will not be considered. **The Clerk's Office is instructed to remove docket numbers 194, 196, and 197 from the court's calendar**. Plaintiff may re-file a motion of this nature only after an acceptable complaint is before the court.

The lack of a proper amended complaint also renders plaintiff's motion for a protective order premature. Plaintiff indicates Mr. Richards is the superintendent of the SCC. (Dkt. # 195). Mr. Richards is not before the court and has not yet been made a party to this action. Further, the motion gives no details regarding alleged misconduct. Plaintiff makes unsupported allegations of harassment and retaliation by "unit and line staff." (Dkt. # 195). In the Case Management Order

ORDER - 2

Mr. Scott was specifically informed that any request for injunctive relief must meet all requirements of Fed. R. Civ. Pro. 65.  Plaintiff has failed to make any showing he is about to suffer any immediate and irreparable injury loss or damage.  (See, Dkt. # 187 ¶ 11).  In compliance with the Case Management Order, docket # 195 will remain in the file with no further action being taken.  **The Clerk's Office is directed to remove docket number 195 from the court's calendar.**

Plaintiff's motion to stay the action pending service (Dkt. # 199) is acceptable to the court. Stay should prevent the filing of any further premature motions.  A stay will also allow the court to deal with all issues surrounding the filing of an acceptable amended complaint, and the service of that complaint on proper defendants.  Accordingly, the court hereby ORDERS:

1. Plaintiff's motion to stay this action is **GRANTED**.
2. This action **STAYED** until the court has accepted an amended complaint and service of that document by mail has been attempted by United States Marshals. The October 7th, 2005 deadline for filing an amended complaint remains in affect.

Given that plaintiff has been ordered to file a proper amended complaint, Defendant's motion to dismiss is also premature.  **The Clerk's Office is instructed to remove docket number 200 from the court's calendar.**

The only remaining issue is plaintiff's letter to the court which alleges "overt bias". (Dkt. # 198).  Plaintiff is reminded that he may not attempt to make any form of *ex parte* contact with a judge.  A letter of this nature is an improper *ex parte* communication.  There is nothing in the record to indicate the letter was served on opposing counsel. The letter is addressed to the "clerk", and apologizes for violating the order that Mr. Scott only use one side of a piece of paper.  Mr Scott goes on to add "Did you see YOUR actions made national news.  I was interviewed.  They mentioned Judge Strombom's overt bias." (Emphasis added).  From the content of the letter it appears Mr. Scott intended the letter to reach the courts attention.

A letter of this nature from an attorney to a judge would undoubtedly result in severe sanctions.  These sanction might include monetary sanctions, dismissal of an action, or some form of professional reprimand or discipline.  A *pro se* litigant such as Mr. Scott could face similar sanctions

ORDER - 3

1  or additional restrictions on his ability to litigate in the federal forum.  This court demands
2  professionalism and a certain level of courtesy from the persons who appear before it.  As a litigant
3  who has been sanctioned for abusive practices Mr. Scott should be well aware that the court can and
4  will act when a litigants behavior is inappropriate.  Any future impropriety of this nature will result in
5  sanctions.  Docket number 198 will remain in the file.
6       The Clerk is directed to send copies of this Order to Plaintiff and counsel for defendants and
7  to remove docket numbers 194, 195, 196, 197, 199, 200 and 202 from the court's calendar.

9       DATED this 26th day of September, 2005.

                                    Karen L. Strombom
                                    United States Magistrate Judge

28 ORDER - 4