UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD SCOTT,

        Plaintiff,

    v.

MARK SELING, et al.,

        Defendant(s).

Case No. C03-5398 RBL

ORDER DENYING PLAINTIFF'S "MOTION TO RECUSE"

    This matter is before the Court on Plaintiff's Motion for Recusal (Dkt. # 214; repeated filing in Dkt #215). Plaintiff Richard Roy Scott asks this Court to Recuse itself, but does not articulate the legal standards for such a motion, and does not attempt to articulate how or why they are met in this case.

    This litigation has been ongoing for some time. Plaintiff Scott's complaint was initially dismissed for failure to state a claim, and Scott appealed. The Ninth Circuit remanded, holding that it was error to dismiss the compliant without allowing Scott the opportunity to amend his complaint. [See Dkt. #167].

    After the Magistrate Judge denied a series of Motions not directly related to his amended complaint, and the denial of those motions was in each case adopted by this Court, Mr. Scott sought to file an amended complaint. That Complaint [Dkt. #192] sought to raise a number of issues and claims which had previously been dismissed by the court as a sanction for his abusive litigation practices. It was therefore rejected by Magistrate Judge Karen Strombom. She gave Mr. Scott until October 17, 2005, to file an acceptable amended complaint. [Dkt. #204]. In light of Mr. Scott's repeated refusal to propose an acceptable amended complaint, and his insistence on repeatedly filing frivolous motions, the Magistrate Judge also stayed this matter unless and until an amended complaint was accepted. [Dkt. #205]

    Mr. Scott appealed both orders to this Court [Dkt. #s 206 and 208], and each appeal was denied

ORDER
Page - 1

[Dkt. #213].

Rather than filing an acceptable proposed amended complaint (as he was ordered to do months ago), Mr. Scott asked this Court to recuse itself, apparently believing that the court's ruling against him evidenced some bias against him. [Dkt. #s 214 and 215 (identical)].

Pursuant to 28 U.S.C. § 455(a), a judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.  The judge shall also disqualify himself in circumstances where the judge has a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding. 28 U.S.C. § 455(a)-(b)(1).  28 U.S.C. § 144 provides as follows:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

Under 28 U.S.C. § 144 and 28 U.S.C. § 455, recusal of a federal judge is appropriate if a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. *Yagman v. Republic Insurance*, 987 F.2d 622, 626 (9th Cir.1993).

Mr. Scott's Motion, while entitled a "motion to recuse" does not cite either of these provisions, does not include an affidavit, and does not even seek to make a "timely and sufficient" showing of any personal bias or prejudice. Mr. Scott has provided no factual basis from which a reasonable person could conclude that the Court's impartiality might reasonably be questioned. Plaintiff's document does not comply with Local Rule GR 8 or 28 U.S.C. § 144, and the is facially frivolous.  The court will not recuse itself on the basis of this document. Plaintiff's "Motion to Recuse" [Dkt. #s 214 and 215] is DENIED.

DATED this 29th day of March, 2006.

*/s/ Ronald B. Leighton*
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE